IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE CASAUS,

    Plaintiff,

vs.                                                                    CIV 17-0358 KBM/SCY

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANDOVAL and the
SANDOVAL COUNTY SHERIFF'S OFFICE,
DOUGLAS C. WOOD, in his official capacity as
SANDOVAL COUNTY SHERIFF,
DOUGLAS C. WOOD and KARL WIESE,
in their individual capacities,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Motion for Partial Summary Judgment on Count III (Breach of Contract) of Plaintiff's Complaint filed by Defendant Board of Commissioners of the County of Sandoval ("Board") and Defendant Sandoval County Sheriff's Office's ("Sheriff's Office"). *Doc. 21*. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Docs. 6, 7, 8*. Having considered the parties' arguments and all relevant authority, the Court will grant Defendants' Motion.

**I.    Introduction**

Plaintiff Jesse Casaus served as a Sandoval County deputy sheriff. *See Doc. 1-1* (*Compl.*), Exh. A. Following his termination in 2015, Plaintiff brought this suit on February 10, 2017, asserting six claims, including Employment Discrimination – National Origin, Employment Discrimination by Retaliation, Breach of Employment

1

Contract, Retaliatory Discharge (New Mexico Peace Officer's Employer – Employee Relations Act), Retaliatory Discharge (First Amendment Rights of Speech and Association), and Malicious Abuse of Process. *Doc. 1-1*, Exh. A. Defendants Board and Sheriff's Office now move for partial summary judgment on Count Three of the Complaint maintaining that Plaintiff did not exhaust his administrative remedies before bringing his breach of contract claim to court. *Doc. 21* at 2.

**II.    Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, [the Court] examine[s] the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

In this district, "[a]ll material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." D.N.M.LR-Civ. 56.1(b). Here, Plaintiff's Response does not dispute the material facts laid out in Defendants' Motion (*Doc. 24* at 3), and Defendants' Reply does not dispute the supplemental material facts laid out in Plaintiff's Response (*Doc. 25*). Accordingly, the only question to be resolved is whether Defendants are entitled to judgment as a matter of law.

**III.    Factual Background**

In July 2015, the work vehicle driven by Plaintiff was damaged, but the parties disagree on how the damage occurred. *See Doc. 21-1*, Exh. A. A series of events then took place, ultimately leading to Plaintiff's termination by Defendant Sheriff's Office. On

February 2, 2016, the Sheriff's Office issued a Notice of Contemplated Action of termination to Plaintiff that detailed its investigation into the damage to the car. *Doc. 21-1*, Exh. A. Plaintiff asked for, and received, a hearing on February 24, 2016, to respond to the investigation. *See Doc. 21-2*, Exh. B; *Doc. 21-3*, Exh. C.

Thereafter, on February 26, 2016, the Sheriff's Office issued a Notice of Final Action terminating Plaintiff (*Doc. 21-3*, Exh. C) and an Amended Notice of Final Action on March 9, 2016 (*Doc. 21-4*, Exh. D). Both the Notice and Amended Notice advised Plaintiff of his right to appeal and contained an attachment of the grievance procedure from the Sandoval County Personnel Rules and Regulations ("Handbook"). *Doc. 21-3*, Exh. C; *Doc. 21-4*, Exh. D.

On March 7, 2016, Plaintiff requested a hearing pursuant to the grievance procedure of the Handbook (*Doc. 21-5*, Exh. E), and the parties selected a hearing officer (*see Doc. 21-6*, Exh. F). Plaintiff submitted a pre-hearing statement on April 13, 2016. *Doc. 24*, Exh. I. In his statement of contested facts and issues, Plaintiff disputed the factual allegations in the Notice and Amended Notice of Final Action, and he argued that his termination was not supported by just cause. He further contended that "[t]he agency failed to comply with all applicable rules, regulations and policies and procedures necessary to implement this disciplinary action," that the discipline was retaliatory, and that he should be reinstated. *Doc. 24*, Exh. I at 10. Sandoval County submitted its pre-hearing statement, listing as its sole statement of issue, "Did the County have just cause to terminate [Plaintiff]'s employment?" *Doc. 24*, Exh. J at 14. The Hearing Officer entered a Pre-Hearing Order, determining that the issues to be heard were as follows:

> A. Was Sandoval County's termination of Mr. Casaus in compliance with the procedures and requirements established by the Personnel Ordinance?
> B. Was Sandoval County's termination of Mr. Casaus in compliance with the procedures and requirements established by Sandoval County Sheriff's Department Standard Operating Policies and Procedure Manuel [sic]?
> C. Did Sandoval County afford Mr. Casaus substantive and procedural due process right in the course of the termination of Mr. Casaus' employment?

*Doc. 21-6*, Exh. F at 1.

On September 21, 2016, Plaintiff then filed Grievant's Motion to Withdraw Appeal with the Hearing Officer. *Doc. 21-7*, Exh. G. Plaintiff stated that he had "filed a Complaint with the United States Equal Employment Opportunity Commission and the New Mexico Human Rights Bureau alleging that the termination of his employment at issue in this appeal is discriminatory and retaliatory and [he] also intends to pursue claims of constitutional deprivation." *Doc. 21-7*, Exh. G, ¶ 1. Plaintiff asserted that the Board lacked jurisdiction over such claims and that the appeal should therefore be dismissed. *Doc. 21-7*, Exh. G, ¶¶ 2, 4. The Hearing Officer entered an Order Granting Leave to Withdraw Appeal and Dismissing Case.[1] *Doc. 21-8*, Exh. H.

## IV. Discussion

New Mexico courts recognize the exhaustion of administrative remedies doctrine. *See Lucero v. Bd. of Regents*, 2012-NMCA-055, ¶ 9, 278 P.3d 1043. Specifically, in the present context, "an employee must exhaust grievance procedures in an employee handbook or manual before filing claims against the employer for breach of contract or

---

[1] The parties also appeared before the Law Enforcement Academy Board based on the same allegations in the Final Notice of Action terminating Plaintiff to determine if Plaintiff's law enforcement certification should be suspended or revoked. *See Doc. 24*, Exh. K. This, however, is not relevant to the matter at issue and need not be discussed further.

4

civil rights violations based on the policies governing employment." *Id.* ¶ 10. An employee handbook can create an implied contract between an employee and employer. *See Francis v. Mem'l Gen. Hosp.*, 1986-NMSC-072, ¶ 10, 104 N.M 698, 726 P.2d 852. When such an implied contract creates employee rights, and the employee believes those rights have been violated, the employee must first follow the grievance procedure in the handbook. *Lucero*, 2012-NMCA-055, ¶ 10.

Plaintiff, however, maintains that the exhaustion of administrative remedies requirement does not apply in this instance because his appeal "involved several constitutional and statutory rights incorporated into the parties' employment contract through sources separate from the Sandoval County Personnel Ordinance." *Doc. 24* at 7. In other words, because the hearing officer either lacked or declined to hear those issues as part of the appeal, Plaintiff argues that the exhaustion of remedies doctrine does not preclude this Court from exercising jurisdiction over the breach of contract claim. The Court rejects this contention.

New Mexico law recognizes three exceptions to the requirement of exhaustion of remedies. As to the first exception, "[t]he exhaustion doctrine 'does not apply in relation to a question which, even if properly determinable by an administrative tribunal involves a question of law, rather than one of fact." *Gzaskow v. Pub. Emps. Ret. Bd.*, No. 35,161, 2017 WL 2440997, ¶ 19 (N.M. Ct. App. June 5, 2017) (quoting *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 27, 142 N.M. 786, 171 P.3d 300). Plaintiff contends that his breach of contract claim stems from his employer's initiation of an internal affairs investigation motivated by discrimination, by retaliation, and with an intent to interfere with his rights to engage in political, speech, and association activities. He argues that

5

this unlawfully motivated investigation created a hostile work environment and resulted in his ultimate termination. *Doc. 1-1*, Exh. A, ¶ 40; *Doc. 24* at 2. Defendants, on the other hand, simply assert Plaintiff was terminated for "falsely reporting how the vehicle had been damaged." *Doc. 21* at 1-2. I agree with Defendants that these issues present questions of fact, not law, and thus the exhaustion exception does not apply.

The second exception applies to "a declaratory judgment action challenging an administrative entity's authority to act . . . ." *Smith*, 2007-NMSC-055, ¶ 16. Exhaustion of remedies does not apply in a declaratory judgment action which (1) is purely legal, (2) requires no specialized agency fact-finding, and (3) has no exclusive statutory remedy. *Gzaskow*, 2017 WL 2440997, ¶ 20 (citing *New Energy Econ. v. Shoobridge*, 2010-NMSC-049, ¶ 49,149 N.M. 42, 243 P.3d 746). Here, Plaintiff is not seeking a declaratory judgment challenging the authority of the Hearing Officer to hear disputes under the Sandoval County Personnel Rules and Regulations. *See Doc. 1-1*, Exh. A. Indeed, he is not seeking a declaratory judgment at all. Although Plaintiff withdrew his appeal based upon his position that the Hearing Officer did not have the authority to determine whether Defendants violated his rights under the New Mexico Human Rights Act, for instance, he does not seek a declaratory judgment to this effect. Nor is the resolution of Plaintiff's breach of contract claim a purely legal issue, as it turns on disputed facts that would have been decided by the Hearing Officer. Therefore, the declaratory judgment exception does not apply.

It is really the third exception on which Plaintiff relies – "exhaustion of remedies does not require the initiation of and participation in proceedings in respect to which an administrative tribunal clearly lacks jurisdiction, or which are vain and futile." *Gzaskow*,

2017 WL 2440997, ¶ 19 (quoting *Smith*, 2007-NMSC-055, ¶ 27); *see also State* ex. rel. *Norvell v. Credit Bureau of Albuquerque*, 1973-NMSC-087, ¶ 29, 85 N.M. 521, 514 P.2d 40. Instead, "[t]he exhaustion of remedies doctrine . . . applies where an administrative agency alone has authority to pass on every question raised by the one resorting to judicial relief." *Pan Am. Petroleum Corp. v. El Paso Nat. Gas Co.*, 1966-NMSC-271, ¶ 9, 77 N.M. 481, 424 P.2d 397.

Plaintiff contends that by "initiating an internal affairs investigation, creating a hostile work environment and terminating Plaintiff," Defendant breached the employment contract. *Doc. 1-1*, ¶ 40. It is clear that under the Handbook, the hearing officer's authority extended only to determine issues of suspension, demotion, or termination. *Doc. 24*, Exh. L at 24. Plaintiff argues that because his grievance included allegations of discrimination and retaliation, not just termination, that exhaustion of remedies was unnecessary. *Doc. 24* at 6. However, at the heart of the controversy before the Hearing Officer was whether Plaintiff's discharge was proper. In their Pre-Hearing Statements, both Plaintiff's and Sandoval County's statement of issues related to the circumstances of Plaintiff's termination.[2]

---

[2] Plaintiff included five issues in his Pre-Hearing Statement for the Hearing Officer, all relating to his termination:

> (A) Grievant disputes that the factual allegations contained in the Notice of Final Action dated February 26, 2016, and the Amended Notice of Final Action dated March 9, 2016 are true or accurately describe the circumstances material to this appeal. (B) Grievant disputes that just cause for termination exists, even if the factual allegations contained in the Notice of Final Action are substantially true. (C) The Agency failed to comply with all applicable rules, regulations and policies and procedures necessary to implement this disciplinary action. (D) The agency's proffered reasons for disciplinary action are pre-textual and the discipline was retaliation for the employee's protected activities. (E) Grievant should be reinstated to his employment with full back pay and benefits.

In *Gzaskow*, the plaintiffs argued exhaustion was not required because the administrative agency lacked authority to grant the equitable relief they requested. *Gzaskow*, 2017 WL 2440997, ¶ 12. However, the court determined that the agency had the authority to address the central issue of the case, even if it could not provide an equitable remedy, and so exhaustion was required. *Id.* ¶¶ 37 & n.2, 42. Similarly here, Hearing Officers have authority to reverse terminations. *Doc. 24*, Exh. L at 25. The Hearing Officer therefore had the authority to determine the central issue, whether Plaintiff was properly terminated. Making this determination would have to include addressing whether the facts in the Notice of Final Action were true or if Defendant Sheriff's Office's reasons for terminating Plaintiff were pre-textual, discriminatory, or retaliatory.

Nevertheless, Plaintiff asserts that the Hearing Officer lacked jurisdiction over the grievance because Plaintiff's breach of contract claim arose not only from the provisions of the handbook, but from several constitutional and statutory rights incorporated into the implied employment contract. *Doc. 24* at 5-7. Specifically, Plaintiff asserts that his employment contract with the Sheriff's Office included rights created by (1) the Sandoval County Personnel Rules and Regulations (the handbook) and N.M. STAT. ANN. § 4-41-7, which incorporates the handbook into employment contracts; (2) the New Mexico Peace Officer's Employer-Employee Relations Act, N.M. STAT. ANN. §§ 29-14-1 to -11, which, in part, provides supplemental requirements to the grievance procedure of the handbook (*see* N.M. STAT. ANN. § 29-14-6); (3) the New Mexico Human Rights Act, N.M. STAT. ANN. §§ 28-1-1 to -15, which creates separate grievance procedures for "[a]

---

*Doc. 24*, Exh. I at 10. Sandoval County's Pre-Hearing Statement listed the statement of issues as, "Did the County have just cause to terminate [Plaintiff's] employment?" *Doc. 24*, Exh. J at 14.

person claiming to be aggrieved by an unlawful discriminatory practice" under the Act (*see* N.M. STAT. ANN. § 28-1-10)); and (4) "other statutes and law governing the employment relationship within the state of New Mexico." *Doc. 1-1*, ¶ 39.

Yet while some of the rights cited by Plaintiff may not have arisen under the handbook, others rights allegedly violated <u>clearly</u> originated in the handbook. *Doc. 1-1*, Exh. A, ¶¶ 39-40. "[W]hen an . . . employment manual creates rights, the rights are 'limited by the terms of the [employment manual] that gave them birth.'" *Lucero*, 2012-NMCA-055, ¶ 10 (quoting *Francis*, 1986-NMSC-072, ¶ 12).

The Court acknowledges that the *Lucero* case is arguably distinguishable. In the *Lucero* case, <u>all</u> of the provisions and policies allegedly breached were contained in the employee handbook. *Id.* ¶ 4. Plaintiff suggests that a grievant must follow the handbook grievance procedures only when all of the allegedly violated contract rights are created by the handbook and no additional sources. The Court declines, however, to give such a narrow reading to the *Lucero* holding. Rather, the Court finds that a grievant must follow the handbook grievance procedures before bringing a breach of contract claim against his employer for a violation of any right arising out of that handbook, even if he alleges that other incorporated statutory or constitutional rights have been violated.

The statutes and laws on which Plaintiff relies as incorporated sources of contractual rights apply to most employees in New Mexico[3] and could likely be considered incorporated into many implied employment contracts in New Mexico. If all such employees were then exempt from grievance procedures, as Plaintiff argues he is, it would effectively make the grievance procedures in handbooks obsolete. Adjudicating

---

[3] N.M. STAT. ANN. § 28-1-9 (1978) provides limited exceptions to which the New Mexico Human Rights Act does not apply.

rights created in a handbook through the handbook grievance procedure does not foreclose bringing other claims, including claims under the exclusive jurisdiction of other agencies, such as the New Mexico Human Rights Bureau and the Law Enforcement Bureau. Because Plaintiff, at least in part, is alleging violation of contractual rights created by the handbook, he was required to follow the grievance procedures in the handbook to exhaust administrative remedies before bringing this breach of contract claim to the courts.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Summary Judgment on Count III (Breach of Contract) of Plaintiff's Complaint is **granted.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent